IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| JOSHUA TODD WOOLRIDGE, ) <br> #25799-045, ) <br> ) <br>      Plaintiff, ) <br> ) <br> vs. ) <br> ) <br> JAMES N. CROSS, ) <br> K. BOWERS, ) <br> and J. DOERER, ) <br> ) <br>      Defendants. ) | Case No. 14-cv-01077-JPG |

## MEMORANDUM AND ORDER

**GILBERT, District Judge:**

    This matter comes before the Court on Plaintiff Joshua Todd Woolridge's motion for leave to proceed *in forma pauperis* ("IFP motion") (Doc. 2). Plaintiff, who is currently incarcerated at the Federal Correctional Institution in Greenville, Illinois ("FCI-Greenville"), seeks leave to proceed in this case without prepayment of the Court's usual $350.00[1] filing fee in a civil case. *See* 28 U.S.C. § 1914(a). For the following reasons, Plaintiff's IFP motion shall be **DENIED**.

### Discussion

    Pursuant to 28 U.S.C. § 1915, a federal court may permit a prisoner who is indigent to bring a "suit, action or proceeding, civil or criminal," without prepayment of fees upon presentation of an affidavit stating the prisoner's assets together with "the nature of the action . . . and affiant's belief that the person is entitled to redress." 28 U.S.C. § 1915(a)(1). In the case of civil actions, a prisoner's affidavit of indigence must be accompanied by

---

[1] Pursuant to 28 U.S.C. § 1914, effective May 1, 2013, an additional $50.00 administrative fee is also to be assessed in all civil actions, *unless* pauper status has been granted.

"a certified copy of the trust fund account statement (or institutional equivalent) for the prisoner for the 6-month period immediately preceding the filing of the complaint . . . , obtained from the appropriate official of each prison at which the prisoner is or was confined." 28 U.S.C. § 1915(a)(2). Plaintiff has tendered an affidavit of indigence that is sufficient as to form, although the Court is still awaiting receipt of a certified trust fund account statement that shows the balance of Plaintiff's trust fund account for the six month period immediately preceding the filing of this action.

Regardless, Plaintiff is barred from proceeding IFP by 28 U.S.C. § 1915(g). According to 28 U.S.C. § 1915, a prisoner may not bring a civil action or appeal a civil judgment *in forma pauperis* "if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury." 28 U.S.C. § 1915(g). Plaintiff's IFP motion must be denied on these grounds.

When asked whether he had "begun any other lawsuits in state or federal court relating to [his] imprisonment," Plaintiff disclosed "no lawsuits relating to this conviction" (Doc. 1, p. 3). He went on to disclose no prior litigation history. But court documents are public records, and the Court can take judicial notice of them. *See Henson v. CSC Credit Servs.,* 29 F.3d 280, 284 (7th Cir. 1994). Review of documents filed on the Public Access to Court Electronic Records ("PACER") website (www.pacer.gov) discloses Plaintiff's extensive litigation history, which dates back to 2003 and includes lawsuits filed in state and federal courts throughout the country. Given the sheer volume of cases, it is not surprising that numerous "strikes" can be found among them. In fact, Plaintiff has "struck out" by filing well over three cases that were dismissed as

frivolous, malicious, or for failure to state a claim. *See Woolridge v. Corr. Corp. of America, et al.*, No. 13-cv-03179-SAC (D. Kan., denied IFP pursuant to Section 1915(g) and dismissed Nov. 19, 2013) (Doc. 5) (citing *Woolridge v. Tallerico*, 2010 WL 2820017 (E.D. Cal. July 8, 2010) (listing qualifying strikes)).[2]

Because Plaintiff has accumulated at least three "strikes" for purposes of Section 1915(g), he may not proceed IFP in this case unless he is under imminent danger of serious physical injury. Plaintiff has failed to satisfy this requirement. The United States Court of Appeals for the Seventh Circuit has explained that "imminent danger" within the meaning of 28 U.S.C. § 1915(g) requires a "real and proximate" threat of serious physical injury to a prisoner. *Ciarpaglini v. Saini*, 352 F.3d 328, 330 (7th Cir. 2003) (citing *Lewis v. Sullivan*, 279 F.3d 526, 529 (7th Cir. 2002)). In general, courts "deny leave to proceed IFP when a prisoner's claims of imminent danger are conclusory or ridiculous." *Id*. at 331 (citing *Heimermann v. Litscher*, 337 F.3d 781, 782 (7th Cir. 2003)). Additionally, "[a]llegations of past harm do not suffice" to show imminent danger; rather, "the harm must be imminent or occurring at the time the complaint is filed," and when prisoners "allege only a past injury that has not recurred, courts deny them leave to proceed IFP." *Id*. at 330 (citing *Abdul-Wadood v. Nathan*, 91 F.3d 1023 (7th Cir. 1996)).

---

[2] *See, e.g., Woolridge v. San Bernadino County Dept. of Children's Serv. Dir., et al.*, No. 04-cv-01602-UA-MAN (C.D. Cal., dismissed for failure to state a claim on Jan. 20, 2005); *Woolridge v. San Bernadino County Dept. of Children's Serv. Dir.*, No. 06-cv-01351-UA-MAN (C.D. Cal., dismissed for failure to state a claim on Jan. 3, 2007); *Woolridge v. San Bernadino County Dept. of Children's Serv. Dir.*, No. 07-cv-00229-UA-DUTY (C.D. Cal., dismissed for failure to state a claim on March 20, 2007); *Woolridge v. City/County Riverside, et al.*, No. 08-cv-01815-UA-MAN (C.D. Cal., dismissed for failure to state a claim on Jan. 16, 2009); *Woolridge v. City/County of Riverside, et al.*, No. 09-cv-00314-UA-MAN (C.D. Cal., dismissed for failure to state a claim on Feb. 23, 2009); *Woolridge v. Cal. Dept. of Corr. & Rehab, et al.*, No. 09-cv-00158-AWI-GSA (E.D. Cal., dismissed for failure to state a claim on May 15, 2009); *Woolridge v. Cal. Dept. of Corr. & Rehab.*, No. 09-cv-00734-JAM-GGH (E.D. Cal., dismissed for failure to state a claim on July 27, 2009); *Woolridge v. Anwar*, No. 09-cv-01377-UA-MAN (C.D. Cal., dismissed for failure to state a claim on July 29, 2009).

Plaintiff does not claim to be in imminent danger in his IFP motion (Doc. 2) or his complaint (Doc. 1).  Neither pleading mentions imminent danger or suggests that Plaintiff faces any threat of serious physical injury.  Plaintiff's complaint focuses on a request for additional time in a halfway house/residential re-entry center ("RRC") pursuant to 18 U.S.C. § 3621(b) and 18 U.S.C. § 3624(c) (Doc. 1, p. 24).  He has been granted only six months of RRC placement, and he seeks twelve months.  Having made no showing of imminent danger, Plaintiff cannot proceed *in forma pauperis* in this action.

The Court notes that this is not the first time Plaintiff has requested additional RRC placement in actions filed in this District.  Plaintiff first made this request in a motion to vacate, set aside, or correct sentence under 28 U.S.C. § 2255, which the Court transferred to the Western District of Missouri.  *Woolridge v. United States, et al.*, No. 14-cv-865-DRH (S.D. Ill., transferred Aug. 19, 2014).  He then raised this claim in a petition for writ of habeas corpus filed pursuant to 28 U.S.C. § 2241.  *See Woolridge v. Cross*, No. 14-cv-963-DRH (S.D. Ill., dismissed Sept. 26, 2014) (Doc. 6).  There, the Court explained that Plaintiff's remedy, if any, lies in an action brought pursuant to *Bivens v. Six Unknown Named Agents*, 403 U.S. 388 (1971).  However, the Court did not comment on the merits of this claim or suggest that Plaintiff was exempt from the requirements for proceeding *in forma pauperis* under Section 1915.  Because Plaintiff has incurred at least three "strikes" and has not demonstrated that he faces an imminent danger of serious physical harm, he cannot proceed *in forma pauperis* in this action.  *See* 28 U.S.C. § 1915(g).

Under normal circumstances, the denial of an IFP motion does not preclude a prisoner from litigating his claims.  It simply means that he must first pay the entire filing fee for the action ($400.00) before proceeding to the next stage of litigation (i.e., preliminary review of the

complaint under 28 U.S.C. § 1915A). This is not a typical case. It is necessary to consider the imposition of sanctions.

### Sanctions

Plaintiff failed to disclose his extensive litigation history and his many "strikes" (Doc. 1, p. 3). The Court-issued complaint form explicitly states, "If there is more than one lawsuit, you must describe the additional lawsuits on another sheet of paper . . . . <u>Failure to comply with this provision may result in summary denial of your complaint</u>" (Doc. 1, p. 3). Plaintiff clearly failed to comply with this requirement and, in doing so, attempted to deceive the Court.

A plaintiff's failure to disclose his litigation history, particularly when he seeks to proceed IFP, may be grounds for immediate dismissal of the suit. *Ammons v. Gerlinger,* 547 F.3d 724, 725 (7th Cir. 2008) (termination of the suit is an appropriate sanction for struck-out prisoner who took advantage of court's oversight and was granted leave to proceed IFP); *Sloan v. Lesza,* 181 F.3d 857, 858–59 (7th Cir. 1999) (litigant who sought and obtained leave to proceed IFP without disclosing his three-strike status committed a fraud upon the court); *see also Hoskins v. Dart,* 633 F.3d 541, 543 (7th Cir. 2011) (dismissal with prejudice appropriate where Court-issued complaint form clearly warned Plaintiff that failure to provide litigation history would result in dismissal). In light of controlling authority on this issue, Plaintiff shall be ordered to show cause why this action should not be dismissed with prejudice as a sanction for attempting to defraud the Court.

### Disposition

**IT IS HEREBY ORDERED** that, for the reasons stated above, Plaintiff's motion for leave to proceed *in forma pauperis* (Doc. 2) is **DENIED**, and he is obligated to pay the full filing

and docketing fee of $400.00 for this action.  Failure to pay the full filing fee within twenty-one (21) days shall result in dismissal of this case.

In addition, Plaintiff is **ORDERED TO SHOW CAUSE**, no later than 21 days from the date of this Order **on or before November 24, 2014**, why this Court should not sanction him for fraudulent litigation conduct by dismissing his complaint with prejudice, based on his omission of his entire litigation history from the complaint.  *Hoskins v. Dart,* 633 F.3d 541, 543 (7th Cir. 2011).  If the Court finds that Plaintiff has failed to show cause why he should not be sanctioned, an order shall be entered dismissing the complaint with prejudice, and this case shall be closed.

Finally, Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court informed of any change in his address.  This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs.  Failure to comply with this order will cause a delay in the transmission of court documents.  *See* FED. R. CIV. P. 41(b).

**IT IS SO ORDERED.**

**DATED: November 3, 2014**

*s/J. Phil Gilbert*
**United States District Judge**