IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| JOSHUA TODD WOOLRIDGE, )<br>#25799-045, )<br>  )<br>    Plaintiff,  )<br>  )<br>    vs.   )<br>  )<br>JAMES N. CROSS,   )<br>K. BOWERS,   )<br>and J. DOERER,   )<br>  )<br>    Defendants.  ) | Case No. 14-cv-01077-JPG |

## MEMORANDUM AND ORDER

**GILBERT, District Judge:**

In a memorandum and order dated November 3, 2014, this Court denied Plaintiff's motion for leave to proceed *in forma pauperis* ("IFP Motion") (Doc. 8, p. 5). The Court determined that Plaintiff was ineligible for IFP status because he previously filed more than three lawsuits that were dismissed as frivolous, malicious, or for failure to state a claim for relief. *See Woolridge v. Corr. Corp. of America, et al.*, No. 13-cv-03179-SAC (D. Kan., denied IFP pursuant to Section 1915(g) and dismissed Nov. 19, 2013) (Doc. 5) (citing *Woolridge v. Tallerico*, 2010 WL 2820017 (E.D. Cal. July 8, 2010) (listing qualifying strikes)). Further, Plaintiff's complaint (Doc. 1) did not suggest that he faced any imminent danger of serious physical injury sufficient to overcome this impediment to IFP status (Doc. 8, pp. 3-4).

At the time it denied the IFP Motion, the Court also ordered Plaintiff to pre-pay the full $400.00 filing fee for this action on or before November 24, 2014 (Doc. 8, p. 6). Plaintiff was clearly warned that failure to do so would result in dismissal of the case. The deadline for

payment has passed, and Plaintiff has not paid the filing fee. Accordingly, this case shall be dismissed.

Whether the dismissal should be with or without prejudice is a separate question. Plaintiff failed to disclose his litigation history, including all of his "strikes," at the time he filed this action. When asked in the complaint whether he had "begun any other lawsuits in state or federal court relating to [his] imprisonment," Plaintiff disclosed "no lawsuits relating to this conviction" (Doc. 1, p. 3). The Court-issued complaint form explicitly states, "If there is more than one lawsuit, you must describe the additional lawsuits on another sheet of paper . . . . Failure to comply with this provision may result in summary denial of your complaint" (Doc. 1, p. 3). Plaintiff ignored this instruction and warning.

After noting this fact, the Court issued Plaintiff an order to show cause why this lawsuit should not be dismissed with prejudice as a sanction for failing to disclose his litigation history (Doc. 8, p. 6). Plaintiff responded to the order to show cause on November 18, 2014 (Doc. 9). In his response, Plaintiff explained that he filed this action, after first filing a motion seeking additional halfway house placement under 28 U.S.C. § 2255 and in a petition under 28 U.S.C. § 2241, because the Court indicated that this request was properly raised in an action brought pursuant to *Bivens v. Six Unknown Named Agents*, 403 U.S. 388 (1971). Plaintiff argued that he was merely doing what the Court told him to do and should be allowed to proceed with his claim at this time. This response does not address or satisfy the Court's order to show cause.

At no time did the Court instruct Plaintiff to lie about his litigation history or the fact that he has "struck out." Plaintiff made this choice when he responded to the Court's inquiry into his litigation history by refusing to disclose any aspect of it (Doc. 1, p. 3). The Court will not tolerate such deception. As this Court previously pointed out, a plaintiff's failure to disclose his

litigation history, particularly when he seeks to proceed IFP, may be grounds for immediate dismissal of the suit. *See Hoskins v. Dart,* 633 F.3d 541, 543 (7th Cir. 2011); *Ammons v. Gerlinger,* 547 F.3d 724, 725 (7th Cir. 2008); *Sloan v. Lesza,* 181 F.3d 857, 858–59 (7th Cir. 1999). Further, dismissal with prejudice may be appropriate. *Id.* The Court now finds that Plaintiff's failure to disclose his litigation history at the time he filed for IFP status warrants the imposition of sanctions in this matter, in the form of dismissal of the action *with prejudice*.

## Disposition

**IT IS HEREBY ORDERED** that this action is **DISMISSED with prejudice.** Defendants **CROSS, BOWERS,** and **DOERER** are also dismissed with prejudice. The dismissal of this case shall not count as one of Plaintiff's allotted "strikes" under 28 U.S.C. § 1915(g).

**IT IS FURTHER ORDERED** that all pending motions (Docs. 6, 9, 10) are hereby **DENIED** as **MOOT**.

Plaintiff incurred the obligation to pay the filing fee for this lawsuit when it was filed, and the obligation continues regardless of later developments in the lawsuit, such as denial of leave to proceed IFP or dismissal of the suit. *See* 28 U.S.C. § 1915(b)(1), (e)(2); *Lucien v. Jockisch*, 133 F.3d 464, 467 (7th Cir. 1998). To date, Plaintiff has paid no portion of this amount. Therefore, a separate order will issue for the prison Trust Fund Officer to deduct payments from Plaintiff's trust fund account until the $400.00 fee is paid in full.

The Clerk shall **CLOSE THIS CASE** and enter judgment accordingly.

If Plaintiff wishes to appeal the dismissal of this case, he may file a notice of appeal with this Court within thirty (30) days of the entry of judgment. FED. R. APP. P. 4(a)(1)(A). If Plaintiff does choose to appeal, he will be liable for the $505.00 appellate filing fee

irrespective of the outcome of the appeal. *See* FED. R. APP. P. 3(e); 28 U.S.C. § 1915(e)(2); *Ammons*, 547 F.3d at 725-26; *Sloan*, 181 F.3d at 858-59; *Lucien,* 133 F.3d at 467. Moreover, because Plaintiff has "struck out" and has not shown that he is in imminent danger of serious physical injury, this Court will not grant him permission to proceed *in forma pauperis* on appeal. Finally, if the appeal is found to be nonmeritorious, Plaintiff may also incur another "strike." A timely motion filed pursuant to Federal Rule of Civil Procedure 59(e)[1] may toll the 30-day appeal deadline. FED. R. APP. P. 4(a)(4).

    **IT IS SO ORDERED.**

    **DATED: December 2, 2014**

*s/J. Phil Gilbert*
**United States District Judge**

---

[1] A Rule 59(e) motion to alter or amend a judgment must be filed no later than 28 days after the entry of the judgment. FED. R. CIV. P. 59(e).